## No. 5985.

## W. W. WASHBURN vs. W. VAN NORDEN ET AL.

E. C. Palmer, one of the defendants, is sued on the following document, as security for the payment of two notes executed by Van Norden:

" Whereas Mr. W. Van Norden has given his two notes for twenty-five hundred dollars each, dated this date, respectively at seven and eight months, to his own order and by him indorsed, now, in order to secure the holder of these notes and as a guarantee for their payment, I hold myself personally responsible to the holder of said notes for their prompt payment at maturity. It is understood that this agreement is confidential between Mr. Johnson Armstrong, representing all parties, and Mr. E. C. Palmer, and *is not to be used, except in the case of the death of Mr. Palmer or Mr. Armstrong, and if used before that contingency, is null and void.*"

It is contended that, as the document has been produced in evidence against E. C. Palmer before the death of himself or Armstrong, the obligation is null. But it is evident that unless the document could be produced in evidence in court, the guarantee could not have been proved, as the promise to pay the debt of another can not be proved by parol; nor was this guarantee to take effect only at the death of one of the parties named, for he bound himself for their *prompt payment at maturity.* The evident intention of all parties was that the fact that the guarantee had been given, should be kept secret from all but the parties and Mr. Armstrong, who was to hold said instrument, as the representative of all parties, until the maturity of the notes. If Palmer then kept his promise, the obligation would be surrendered to him, otherwise it would be used against him. Any other construction of this document would make it nugatory.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. Randolph, Singleton & Browne,* for plaintiff and appellee. *Rice & Whitaker* and *Lacey & Butler,* for defendants and appellants.

LUDELING, C. J.    This suit is on two notes executed by the defendant,

Van Norden.   The defense is the same which he made in the case of Benner vs. W. Van Norden, decided last year, and for the reasons therein stated the judgment should be annulled.   The defense of E. C. Palmer is the same as that made by Van Norden to the note, if he be bound on it ; but he urges that his guarantee was made on condition that the evidence of it should not be produced, except in case of the death of said Palmer or of Armstrong.   The written instrument is as follows :

"NEW ORLEANS, June 10, 1873.

" Whereas Mr. W. Van Norden has given his two notes for $2500 each, dated this date, respectively at seven and eight months, to his own order and by him indorsed, now, in order to secure the holder of these notes and as a guarantee for their payment, I hold myself personally responsible to the holder of said notes for their prompt payment at maturity.   It is understood that this agreement is confidential between Mr. Johnson Armstrong, representing all parties, and Mr. E. C. Palmer, and it is not to be used, except in case of death of Mr. Palmer or Mr. Armstrong, and if used before that contingency, is null and void.      E. C. PALMER."

It is contended that, as this document has been produced in evidence against E. C. Palmer before the death of himself or Armstrong the obligation is null.   It is evident that unless the document could be produced in evidence in court, the guarantee could not have been proved, as the promise to pay the debt of another can not be proved by parol.   Nor was this guarantee to take effect only at the death of one of the parties named, for he bound himself " for their prompt payment *at maturity.*' The evident intention of the parties was, that the fact that the guarantee had been given, should be kept secret from all but the parties and Mr. Armstrong, who was to hold the said instrument, as the representative of all parties, until the maturity of the notes.   If Palmer then kept his promise, the obligation would be surrendered to him; otherwise, it would be used against him to compel him to perform his obligation.   Any other construction of this instrument would make it nugatory.

It is therefore ordered that the judgment of the lower court be affirmed with costs of appeal.

WYLY, J., *dissenting.*   Defendants appeal from the judgment condemning them to pay plaintiff the amount of two promissory notes, one for $2500 and the other $1200.   As to the defendant, W. Van Norden, the maker of the notes, the defense set up by him is similar to that in the case of Milton Benner against him, lately decided, and for the reasons therein given the judgment herein as to him was correct.   But the defendant, Edward C. Palmer, was not a party to said notes.   The

obligation enforced against him as to the note for $2500 arose from the following contract:

"NEW ORLEANS, June 10, 1873.

"Whereas Mr. W. Van Norden has given his two notes for twenty-five hundred ($2500) dollars each, dated this date, respectively at seven (7) and eight (8) months, to his own order and by him indorsed, now, in order to secure the holder of these notes and as a guarantee for their payment, I hold myself personally responsible to the holder of said notes for their prompt payment at maturity. It is understood that this agreement is confidential between Mr. Johnson Armstrong, representing all parties, and Mr. E. C. Palmer, *and is not to be used, except in the case of. the death of Mr. Palmer or Mr. Armstrong, and if used before that contingency is* NULL AND VOID.

"(Signed)                                E. C. PALMER."

The condition upon which the foregoing obligation was to be used has not happened, neither Johnson Armstrong nor Edward C. Palmer having died. It can not therefore be enforced, according to a stipulation on the face of the instrument. Plaintiff, however, was permitted by the court to prove by a witness what was understood by the suspensive condition in the foregoing written agreement, and this witness testified that Palmer meant that the said instrument was not to be "*used by any body until the maturity of these notes, unless he died.*"

The bill of exceptions to this testimony was well taken, because when the witness said Palmer meant the instrument was not to "be used by any body *until the maturity of these notes,* unless he died," his testimony clearly contained a matter against and beyond what is contained in said writing. To permit this evidence would be to interpolate words into the condition in said instrument so as entirely to contradict and alter the terms of said condition.

Considering, therefore, the suspensive condition contained in the instrument upon which Palmer's liability is sought, I find no obligation upon which to give judgment against Palmer. As to him, the court erred in giving judgment for plaintiff. Although Van Norden's defense is not a good one, I am not prepared to say that his appeal was taken merely for delay. At the time this appeal was taken, the case of Benner, containing the same defense, had not been finally disposed of by this court, and that defense was at least a serious one.

For the reasons stated I dissent in this case.

Rehearing refused.